ROBERT REALTY COMPANY, RELATOR, v. CITY OF ORANGE ET AL., RESPONDENTS.

Decided November 12, 1926.

Zoning—Apartment-Houses in Restricted Territory in Which Restrictions Refer as Well to Height of Building and to Amount of Remaining Open Space—Held, That There Appears Nothing in the Case That Justifies the Assumption That the Ordinance is Necessary For the Protection of Health, Safety or Welfare—Peremptory Writ of Mandamus Allowed.

On rule for *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Frederic W. Schlosstein.*

For the respondents, *William A. Calhoun* and *Spaulding Frazer.*

PER CURIAM.

On January 6th, 1926, relator applied to the building and plumbing inspector of the city of Orange for permits to erect three four-story brick apartment-houses on the corner

of Lincoln and Mountainview avenues. The permits were refused because the zoning ordinance of the city "forbids the erection of apartment-houses on the area of the premises owned by relator." So appears by the agreed state of facts, which further sets forth: "The only reason for the refusal of the permits was the fact that the area was zoned against, and for no other reason."

Respondents, in their brief, urge two reasons why the permits should not be issued.

The first is that the zoning ordinance of the city prohibits buildings exceeding two and one-half stories in height, whereas the contemplated structures will be four stories in height; and second, because the zoning ordinance requires a rear yard for a two and one-half story building of at least twenty-five feet, and this amount is increased by six inches for each foot of lot in excess of seventy-five feet measured from the main front wall of the building. So, that if the Lincoln avenue side of the corner building be considered as the front, this building would have a rear yard of twenty-one and five-tenths (21 5/10) feet, while the ordinance calls for one of thirty-nine and six-tenths (39 6/10) feet; and, if Mountainview avenue be regarded as the front, the rear yard for this building is only fifteen (15) feet, where a rear yard of twenty-five (25) feet would be required. That if the spaces as proposed between the buildings are to be considered as side yards, the ordinance provision would be further violated, for the reason that between the Lincoln avenue buildings there is a space of fifteen (15) feet, while buildings such as proposed, being at least forty (40) feet in height, would require side yards of at least twenty (20) feet. The second building on Lincoln avenue is only four and five-tenths (4 5/10) feet from the property line where the minimum side yard required by the ordinance would be fifteen (15) feet, and the easterly side yard of the second Mountainview avenue building is only seventeen and seven one-hundredths (17 7/100) feet, when at least twenty (20) feet would be required by the ordinance.

The ordinance also provides that "no part of any building shall be higher than the distance it sets back from the street line of each street on which it faces, except that along one side of a corner lot such set-back distance may be reduced by ten (10) feet.

There is absolutely nothing in the case as it is before us showing that these restrictions are called for or necessary to protect the public health and safety, or advance the public welfare. Giving to the restrictions that presumption of reasonableness that in law is required, such presumption is completely overcome by the conclusion that one is inevitably brought to by a reading of these provisions of the ordinance, that they are designed to prohibit and make impossible the construction, in the designated area, of apartment-houses. In fact, nothing but "a dwelling for one family or for one housekeeping unit only" is the limitation contained in subdivision 1 of section 2 (a) of residence A district in which relator's property is located.

Such ordinances have met with the emphatic disapproval of this court, and similar provisions have been declared illegal and not a valid exercise of the police power. *Heller* v. *South Orange*, 3 *N. J. Mis. R.* 1076.

We are not here called upon to decide, nor are we attempting to pass, upon the question of regulation of areas and open spaces nor heights of buildings. In proper cases reasonable and proper regulations to protect the public health and promote safety would be a reasonable and proper exercise of the police power, but as before stated, we do not find such a situation presented by the terms of the ordinance in question. Its terms are prohibitory rather than regulatory.

The peremptory writ of *mandamus* prayed for is allowed.